```
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

KENNETH J. ROWE,

                Plaintiff,           1:17-cv-00208-MAT
     -v-                             DECISION AND ORDER

NANCY A. BERRYHILL,
Acting Commissioner OF Social Security,

                Defendant.
_____
```

**INTRODUCTION**

Kenneth J. Rowe ("Plaintiff"), represented by counsel, brings this action under Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner" or "Defendant"), denying his application for disability insurance benefits ("DIB"). The Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is granted to the extent that the matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

**PROCEDURAL BACKGROUND**

On January 15, 2013, Plaintiff protectively filed for DIB, alleging disability beginning March 1, 2012. Administrative Transcript ("T.") 191. The claim was initially denied on April 12, 2013, and Plaintiff timely requested a hearing. T. 105-15. On

March 12, 2015, a hearing was conducted in Buffalo, New York by administrative law judge ("ALJ") Sharon Seeley. T. 34-88. Plaintiff appeared with his attorney and testified. An impartial vocational expert ("VE") also testified via telephone.

The ALJ issued an unfavorable decision on September 18, 2015. T. 13-33. Plaintiff timely requested review of the ALJ's decision by the Appeals' Council. T. 12. The Appeals Council denied Plaintiff's request for review on December 29, 2016, making the ALJ's decision the final decision of the Commissioner. T. 1-6. Plaintiff then timely commenced this action.

## THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. § 404.1520(a). Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through March 31, 2015. T. 18.

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity from his alleged onset date of March 1, 2012 through his date last insured of March 31, 2015. T.18.

At step two, the ALJ determined that Plaintiff suffered from the "severe" impairments of degenerative disc disease, depression, and mild ulnar neuropathy. T. 19. The ALJ also determined that Plaintiff's medically determinable impairments of essential

2

hypertension and vision impairment were non-severe and created no significant work-related functional limitations. *Id*.

At step three, the ALJ found that, through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

Before proceeding to step four, the ALJ assessed Plaintiff as having the residual functional capacity ("RFC") to perform less than a full range of light work as defined in 20 C.F.R. 404.1567(b), with the following additional limitations: can lift and carry twenty pounds occasionally and ten pounds frequently; can sit for six hours in an eight-hour workday; can stand and/or walk two hours in an eight-hour workday, alternating after thirty minutes to sitting for ten minutes; can occasionally stoop, crouch, kneel, crawl, climb ramps and stairs, climb ladders, ropes, and scaffolds; can understand, remember, and independently carry out simple instructions and tasks; can maintain attention and concentration sufficient for such tasks with customary breaks; can respond appropriately to customary levels of supervision; and can work in a low stress environment, meaning that work does not involve supervisory responsibilities or frequent changes in work routines, process or settings and does not require independent decision-making other than simple, routine work-related decisions. T. 22.

At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work. T. 27. At step five, the ALJ relied on the VE's testimony to find that, taking into account Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of counter clerk, furniture retail consultant, and inspector of surgical instruments. T. 28. The ALJ accordingly found that Plaintiff was not disabled as defined in the Act. *Id.*

## SCOPE OF REVIEW

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). The district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quotation omitted). The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or

4

detracts from both sides. *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

**DISCUSSION**

Plaintiff contends that remand of this matter is warranted because: (1) the ALJ failed to consider a medically required use of a cane under Social Security Regulation ("SSR") 96-9p (S.S.A.), 1996 WL 374185 (July 2, 1996); (2) the ALJ failed to properly consider Medical Listing 1.04(A) for lumbar spine disc injury; and (3) the ALJ erred in substituting her own judgment for that of a physician. For the reasons discussed below, the Court finds the ALJ failed to provide adequate analysis for her finding that Plaintiff's degenerative disc disease did not meet or equal Listing 1.04(A). The Court further finds the ALJ failed to properly consider Plaintiff's use of a cane in determining Plaintiff's RFC. Accordingly, the Court finds that remand of this matter for further administrative proceedings is required.

**I. Failure to Properly Consider Medical Listing 1.04(A)**

"The Social Security regulations list certain impairments, any of which is sufficient, at step three, to create an irrebuttable presumption of disability." *DeChirico v. Callahan*, 134 F.3d 1177,

1180 (2d Cir. 1998) (citing 20 C.F.R. §§ 404.1520(d), 416.920(d)). "The regulations also provide for a finding of such a disability *per se* if an individual has an impairment that is 'equal to' a listed impairment." *Id.* (citing 20 C.F.R. 404.1520(d) ("If you have an impairment(s) which ... is listed in appendix 1 or is equal to a listed impairment(s), we will find you disabled without considering your age, education, and work experience.")).

Individuals suffering a disorder of the spine who meet the criteria specified in the regulations are disabled *per se*. For Listing 1.04(A) specifically, an individual is presumptively disabled if he or she suffers from "herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, or vertebral fracture[], resulting in compromise of a nerve root . . . or spinal cord" with "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04(A).

In this case, at step three of the sequential evaluation, the ALJ stated that the record contained "no evidence" of the criteria specific to Listing 1.04, which are noted above. T. 20. While she

6

provided a recital of Listing 1.04's criteria, the ALJ gave no analysis of Plaintiff's medical records as they related to Listing 1.04 or an explanation why they did not meet the necessary criteria. This was error.

"When a claimant's symptoms appear to match those described in a listing, the ALJ must explain a finding of ineligibility based on the Listings." *Critoph v. Berryhill*, No. 1:16-CV-00417(MAT), 2017 WL 4324688, at *3 (W.D.N.Y. Sept. 28, 2017) (quoting *Cardillo v. Colvin*, No. 6:16-CV-134(CFH), 2017 WL 1274181, at *4 (N.D.N.Y. Mar. 24, 2017)). "While the ALJ may ultimately find that [a considered listing] do[es] not apply to Plaintiff, he must still provide some analysis of Plaintiff's symptoms and medical evidence in the context of the Listing criteria." *Id.* (quoting *Peach v. Colvin*, No. 15-CV-104S, 2016 WL 2956230, at *4 (W.D.N.Y. May 23, 2016)). In this case, the ALJ failed to meet this standard, inasmuch as she provided only a conclusory statement which was unsupported by the evidence of record.

The Commissioner argues that the Plaintiff had the burden of proving his back impairment met or equaled the requirements of Listing 1.04, and that Plaintiff has failed to establish that he satisfied all of the required medical criteria. However, although a claimant does bear the burden at step three, the ALJ is required to explain why a claimant failed to meet or equal the Listings "[w]here the claimant's symptoms as described by the medical

evidence appear to match those described in the Listings." *Rockwood v. Astrue*, 614 F. Supp. 2d 252, 273 (N.D.N.Y. 2009) (citation omitted). Notably, it is the ALJ's responsibility to "build an accurate and logical bridge from the evidence to [his or her] conclusion to enable a meaningful review." *Hamedallah ex rel. E.B. v. Astrue*, 876 F. Supp. 2d 133, 142 (N.D.N.Y. 2012). Failure to do so warrants remand. *See Cardillo*, 2017 WL 1274181, at *4 (holding that an ALJ merely stating that he or she had considered the requirements of a listing was "patently inadequate to substitute for specific findings in view of the fact that plaintiff has at least a colorable case for application of listing 1.04(A)" and that where there is "record support for each of the[ ] [necessary] symptoms ... the ALJ was required to address that evidence, and his failure to specifically do so was error that would justify a remand"); *Torres v. Colvin*, No. 14-CV-479S, 2015 WL 4604000, at *4 (W.D.N.Y. July 30, 2015) (remanding where "the record evidence suggests that Plaintiff's symptoms could meet the Listing requirements in 1.04(A)" but the ALJ's "only reference to it is a recitation of the standard").

In her decision, the ALJ found Plaintiff's diagnosed degenerative disc disease was a severe impairment at step two. T. 19. However, she stated at step three that there was "no evidence" of any of the criteria required to meet Listing 1.04(A). T. 20. This was a mischaracterization of Plaintiff's medical

8

records. In direct contrast to the ALJ's conclusory assertion of a total lack of evidence, the record contains numerous references to a loss of sensation, limitations of the range of motion, and other criteria set forth in Listing 1.04(A). *See e.g.,* T. 257 (Plaintiff complained of right proximal leg weakness with occasional pain, numbness and tingling. Plaintiff reported that at times, the sensation causes him weakness and that he has fallen); T. 267 (an MRI of Plaintiff's lower spine revealed anterolisthesis of L5 and L4, mild-to-moderate spondylotic change with degenerative disc disease at l4-5, and a broad-based disc bulge at L3-4); T. 272-73 (Plaintiff had diminished sensation throughout his right leg and he complained of back pain and right leg pain); T. 304 (Plaintiff walked with a limp, was unable to perform heel and toe walking due to his low back pain, and squatted at fifty percent due to his low back pain); T. 305 (Plaintiff's cervical spine showed flexion/extension at thirty-five degrees, lateral flexion at thirty-five degrees bilaterally, and rotary movement at seventy degrees bilaterally. His lumbar spine showed lateral flexion at twenty degrees bilaterally, and rotary movement at twenty degrees bilaterally. The straight-leg raise test was positive at thirty-five degrees on the left side and fifteen degrees on the right side. Plaintiff's right hand and leg had decreased sensation compared to his left side). The ALJ's failure to discuss any of this evidence at step three of the sequential evaluation was

erroneous. This Court is therefore unable to perform a meaningful review of the ALJ's conclusion that Plaintiff did not meet the requirements of Listing 1.04(A). Accordingly, remand of this matter for further administrative proceedings is required. *See Torres*, 2015 WL 4604000, at *4. On remand, the ALJ shall perform a proper evaluation of the medical evidence as it pertains to Listing 1.04(A) and provide a thorough explanation of her findings as to whether Plaintiff's impairments meet or equal Listing 1.04(A).

## II. **Plaintiff's Use of a Cane**

Plaintiff also contends the ALJ failed to properly consider Plaintiff's use of a cane under SSR 96-9p and further erred when she failed to give sufficient reasons for excluding Plaintiff's use of a cane in the RFC finding. For the reasons discussed below, the Court agrees.

Pursuant to SSR 96-9p, in order to find that a hand-held assistive device, such as a cane, is medically required, the record must contain medical documentation establishing the need for the device to aid in walking or standing. Furthermore, the documentation must describe the circumstances for which it is needed (i.e., all the time, periodically, or only in certain situations; distance and terrain; and other relevant information). *See* SSR 96-9p, 1996 WL 374185, at *7. When use of a hand-held assistive device is medically required, the ALJ must consider its impact on the claimant's RFC. Failure to do so warrants remand. *See*

*Wright v. Colvin*, No. 6:13-cv-0685(MAT), 2015 WL 4600287, at *4-5 (W.D.N.Y. July 29, 2015) (remanding where the ALJ failed to properly consider the medical necessity of plaintiff's use of a cane).

On September 30, 2014, Plaintiff was treated at Buffalo General Medical Center's Emergency Room for right side leg pain and right side arm numbness and tingling. Plaintiff reported his right hip had been giving out and he had right hip pain since his fall from a roof several years earlier. T. 341. Plaintiff reported frequent falls secondary to his injuries and requested a cane to help with ambulation. *Id*. On physical examination, Plaintiff had right hip discomfort with a full range of motion and was able to ambulate. He was diagnosed with arthritis and ulnar tunnel syndrome and discharged with a cane and wrist splint, with the recommendation he follow up with his primary care physician. T. 342. The discharge summary noted the cane should be used to assist with ambulation for four weeks. T. 339.

In her decision, the ALJ noted Plaintiff's continued daily use of a cane, but pointed out this use only began in September 2014, at his specific request, and purportedly in spite of his full range of motion and statement that his pain was controlled by Tylenol and ibuprofen. T. 22. No accommodations related to Plaintiff's use of a cane were noted in the RFC finding, nor did the ALJ make an explicit finding as to whether the cane was medically required.

11

The Court finds the ALJ's discussion of Plaintiff's use of the cane inadequate. Insofar as the ALJ suggested Plaintiff's use of a cane lacked legitimacy because Plaintiff protectively requested the cane to assist with his ambulation, the fact remains that his treatment provider supplied a valid prescription to Plaintiff for its use. Moreover, "a cane need not be prescribed to be considered medically necessary[.]" *Allen v. Commissioner of Social Security*, No. 5:14-CV-1576(DNH/ATB), 2016 WL 996381, at *7 (N.D.N.Y. Feb 22, 2016) (internal citation omitted). Furthermore, while the ALJ stated that Plaintiff had a full range of motion when he received the cane, the record contains several instances where Plaintiff's range of motion was limited. *See e.g.,* T. 304, 311, 333. The ALJ's mischaracterization of the record related to Plaintiff's use of a cane further supports the conclusion that remand of this matter is required. On remand, the ALJ is instructed to properly evaluate Plaintiff's use of a cane based on the requirements set forth in SSR 96-9p. If the cane is deemed to be medically necessary, the ALJ is instructed to properly incorporate its use in determining Plaintiff's RFC.

**III. Plaintiff's Remaining Argument**

Finding remand necessary for the reasons explained above, the Court need not and does not reach Plaintiff's remaining argument concerning the ALJ's assessment of weight limitations.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Doc. 10) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Commissioner's opposing motion for judgement on the pleadings (Doc. 13) is denied. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:   September 6, 2018
         Rochester, New York